FILED

NOV 08 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10057 |
| Plaintiff-Appellant, | D.C. No. 09-CR-00268 SI |
| v. | |
| ALEXANDER DEJARNETTE, JR., | MEMORANDUM [*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted November 3, 2010
San Francisco, California

Before: RYMER and ALARCON, Circuit Judges, and TRAGER,[**] District Judge.

The United States appeals from an order issued by the District Court for the

Northern District of California dismissing a one-count indictment against

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable David G. Trager, Senior United States District Judge for the Eastern District of New York, sitting by designation.

Alexander Dejarnette, Jr. ("Dejarnette") for knowingly failing to register as a sex offender in violation of the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250. In 2000, Dejarnette pled guilty to various sex offenses pursuant to a plea agreement. The district court's dismissal of the later prosecution under SORNA was based on statements made by the Assistant United States Attorney ("AUSA") at the sentencing hearing for the underlying sex offenses which was held in 2001. At the hearing, the AUSA stated that because of potential ex post facto concerns, the government would "not press" a recently enacted sentencing guideline that would have required the district court to impose a certain federal registration requirement as a condition of supervised release.

Given the parties' familiarity with the facts, we do not fully recount them here. This court has jurisdiction under 18 U.S.C. § 3731 and 28 U.S.C. § 1291. For the following reasons, the decision of the district court is reversed.

There is a conflict in this circuit as to whether a district court's interpretation of a plea agreement is reviewed de novo or for clear error. United States v. Transfiguracion, 442 F.3d 1222, 1227 (9th Cir. 2006). There is no need to resolve that conflict in this case as reversal is warranted even under the more deferential review for clear error.

The government argues that the district court erred by concluding that the

2

AUSA's comments were incorporated into Dejarnette's plea agreement. However, the outcome of the instant appeal turns on the substance of the AUSA's statements, not on whether they were incorporated into the plea agreement. As such, it is assumed that the AUSA's statements were incorporated into the plea agreement.

Plea agreements are contractual in nature and are generally subject to legal principles of contract interpretation. Id. at 1229. Interpretation of a plea agreement is an objective inquiry, based on what the parties reasonably believed its terms to be at the time of entering the plea of guilty. United States v. Franco-Lopez, 312 F.3d 984, 989 (9th Cir. 2002).

Any waiver by the AUSA was limited to the conditions of Dejarnette's supervised release, and specifically, to whether a certain sentencing guideline should govern Dejarnette's supervised release. As such, the AUSA's statements could not reasonably be understood as a promise not to prosecute Dejarnette for violating SORNA, which: (1) was enacted over five years after the sentencing hearing; and (2) imposes a federal registration requirement that is independent of any conditions of supervised release. The district court concluded that "[t]he subsequent enactment of SORNA does not permit the government to rescind the representations made in 2001 that defendant would not be required to register as a sex offender under federal law." United States v. Dejarnette, No. CR 09-00268 SI,

3

2010 WL 530090, at *6 (N.D. Cal. Feb. 6, 2010). However, the AUSA's statements were only concerned with a specific guideline governing a condition of supervised release; the AUSA never made any broad representations about the applicability of "federal law" generally.

Because the district court clearly erred in concluding that the AUSA's statements gave Dejarnette the reasonable expectation that he would not be subject to any future federal sex offender registration requirements, the court's decision is hereby reversed and remanded.

**REVERSED AND REMANDED**.